ANTONIO R. MATOS ET AL., Petitioners, v. THE MANAGER OF THE STATE INSURANCE FUND, Respondent.

No. 36. Argued November 7, 1938. Decided January 18, 1939.

*Virgilio Brunet* for petitioners. *B. Fernández García, Attorney General, Emilio de Aldrey, Assistant Attorney General, B. Atiles Moreu* and *Luis Negrón Fernández,* for respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This is an incident in the proceedings in administrative appeal No. 37, decided on the 13th of this month. For the purpose of this opinion we must bear in mind that in lowering to $4.49 the rate for classification 0030, the Industrial Commission of Puerto Rico included therein $0.51 as said classification's pro rata share in wiping out the deficit in the State Insurance Fund.

The appellant employers requested the Industrial Commission to reconsider its decision in said case No. 37 only in respect to the addition of $0.51 to the rate of $3.98 which they alleged was correct. In denying the motion to reconsider, the Industrial Commission stated as follows:

"It is the opinion of the Industrial Commission that according to law and justice, the classifications having a deficit among which 0030 is found, should make good the shortage suffered on their account by the State Insurance Fund, irrespective of the fact that a portion of said deficit is compensated by the profits received by the State Insurance Fund from classifications having a surplus. According to section 23 of the Workmen's Accident Compensation Act, the fixing of the rates should aim at the establishment of a solvent State Insurance Fund and the creation of a reasonable surplus. This could not be attained if the classifications having a deficit were solely and exclusively required to cover the deficit actually caused by them to the State Insurance Fund."

Not satisfied with the decision, the petitioners appealed therefrom and in support of their allegation that said decision is erroneous as to that part thereof against which they complain, they urge as follows:

"1. That according to section 23 of Act No. 45 of 1935 and the precedents established in Puerto Rico and in the United States, the deficit incurred by the State Insurance Fund during the year 1935–36 should not be charged to the petitioners herein, either wholly or in part; and in ruling that the petitioners in the present case engaged in cane growing (classification 0030), should pay the basic rate of $3.98 plus an additional surcharge of $0.51 to cover the deficit incurred by the State Insurance Fund during 1935–36, the

Industrial Commission has violated section 23 of Act No. 45, supra, which provides that deficits in the State Insurance Fund shall be covered by funds accumulated in the Reserve Fund created by law by regularly setting aside 5 per cent of the premiums paid by the employers.

"2. That the levying of a surcharge of $0.51, as above stated, constitutes a double tax against the employers for the same purpose, since the basic rate of $3.98 includes the 5 per cent of the Reserve Fund which should be applied, pursuant to section 23 of the said act, to cover the deficits in the State Insurance Fund incurred during any fiscal year.

"3. That the levying of an additional charge of $0.51 to classification 0030 deprives petitioners of their property without due process of law.

"4. That it having been proven to the Industrial Commission that the deficit in the State Insurance Fund incurred during the year 1935–36 was essentially due to bad management of the Fund, the employers, petitioners herein, are not responsible for such bad management and therefore they should not be compelled to pay in whole or in part the deficit incurred under such circumstances."

 Section 23 of Act No. 45 of 1935 (Laws of that year, pp. 250, 300) expressly authorizes the Manager of the State Insurance Fund to fix for each year the rate or premium to be paid by the employers included in each classification, and it further provides that the Manager shall see to it that the premiums or rates so fixed be consistent with the aim of establishing a solvent State Insurance Fund. In order to secure the solvency of the Fund, said section further provides that there shall be created what it designates as a Reserve Fund, which shall be available to cover any deficit that might occur in the State Insurance Fund in any fiscal year, and also in the event of a calamity. The intention of the Legislature, as expressed in the Act, was that it should be incumbent upon the employers and not upon the Treasury of Puerto Rico to maintain the Fund in a solvent condition through all contingencies. If that is so, if the law expressly authorizes the Manager to apply the reserve funds to cover any deficit that might occur, whether due to any error in calculation when

fixing the premium rates or whether due to any extraordinary event that could not be foreseen, there is no doubt that the insufficiency of the reserve funds to cover a deficit may be remedied by resorting in an equitable manner to all the employers included in the various classifications which caused said deficit.

It is obvious that such deficit would not ordinarily have occurred if the original premium rate fixed had been sufficient to meet all expenses. And if the employer is the only one to profit by minimum rates, it is fair that he should likewise be the one to meet any deficit when, not wanting to burden him unnecessarily, the premium rate was not assessed as high as was actually required by the circumstances.

■ If, as we think we have shown, the Manager has the power to charge the deficit to the employers, the Industrial Commission is perforce likewise empowered to adopt the necessary measures to cover the same when acting as an appellate tribunal, by lowering or modifying the rates or premiums originally fixed by the Manager.

■ The Industrial Commission, which has jurisdiction to fix the rate at a percentage required to cover the deficit, heard the employers and weighed the evidence offered by them in order to determine the rate to be assessed. Therefore, the contention of the employers that they have been deprived of their property without due process of law is untenable.

For the reasons stated, this proceeding must be dismissed and the decision of the Industrial Commission, as modified in administrative appeal No. 37, must be affirmed.